UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-22352-CIV-MORENO

WALLACE C. JONES,

    Plaintiff,

vs.

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

Plaintiff's *in forma pauperis* complaint alleges that in March 2007, the Eleventh Judicial Circuit Court imposed a judgment against him stemming from his failure to register as a sex offender. Plaintiff seems to allege[1] that the 2007 judgment was a "second imposed punishment for the same 1994 sexual conviction" in violation of the United States Constitution Fifth Amendment Double Jeopardy clause. Plaintiff also seems to allege that the 2007 judgment and the underlying "state enforced sex offender registry" requirement (Fla. Stat. § 943.0435) violated, *inter alia*, the Constitution's Fourteenth Amendment and *ex post facto* clause where the statute was not "prosecutable" in 1994 or included in the trial court's 1994 order, and where the statute would otherwise impermissibly subject him to register as a sex offender with the sheriff "multiple time[s]

---

[1] The Court notes that Plaintiff's complaint is riddled with spelling and grammatical errors, and in many parts the legal arguments are nearly impossible to decipher.

a year for life." [D.E. 1 at 13]. He alleges, "[t]herefore, I could not after 1994 sexual conviction sentence completion, be subject to the registry statute effects, that I was not notified of & was not prosecutable at time of the sexual crime, trial." [D.E. 1 at 7]. Plaintiff also alleges violations of the United States Constitution's First, Fourth and Thirteenth Amendments, and states he "would be satified [sic] with 11 Million in damages." [D.E. 1 at 5-13].

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. Claims detailing fantastic or delusional scenarios fit into the factually baseless category. *Id.* at 327-28. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading her complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint, which alleges, inter alia, that the underlying statute in his 2007 judgment, Fla. Stat. § 943.0435, is itself unconstitutional and subjects him to register as a sex offender with the sheriff "multiple time[s] a year for life," and where the statute did not exist at the time of his underlying

1994 trial and therefore not made part of his 1994 sentence.

Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law or in fact" and alleges infringement of a legal interest which obviously does not exist. *Neitzke*, 490 U.S. at 327. Indeed, Plaintiff's suggestion of $11,000,000 in damages for borders on the fantastic or delusional. After reviewing the entire complaint, the Court concludes that the claims are indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

WALLACE JONES Jr, Pro Se
P.O. Box 470992
Miami, FL 33247-0992